IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY WILSON<br>a/k/a Anthony B. Williams, | : |
| | : |
| Plaintiff, | : |
| vs. | :     CIVIL ACTION 06-0844-CG-C |
| | : |
| DEMARIO JAMES, et al., | : |
| Defendants. | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed a Complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

1. On January 6, 2009, the Court ordered Plaintiff, Anthony Wilson, to show cause why this action should not be dismissed with prejudice as a sanction for using a false name in filing a Complaint. (Doc. 58, Order).

2. In his response to that Order, Plaintiff states that he used the false name "Anthony B. Williams" in filing this action because: (1) at the time that he filed his lawsuit, he was incarcerated in federal custody under the false name "Anthony B. Williams;" (2) jail officials at the Mobile Metro Jail advised him that he would have to use the false name "Anthony Bruzellas Williams" because he had been booked into federal custody under that false name; (3) he experienced problems at the Mobile Metro Jail with jail officials erroneously giving his mail to inmates named "Anthony M.

Wilson" and "Anthony Williams;" (4) he feared that Defendants at the Mobile Metro Jail would secretly intercept his mail addressed under his real name, Anthony Wilson; (5) he "somewhat feared" that Defendants at the Mobile Metro Jail would retaliate against him for filing a civil lawsuit against them; (6) jail officials at Donaldson prison have given his mail to three other inmates with the name Anthony Wilson; and (7) someone obtained his lost Alabama driver's license issued under his real name, Anthony Wilson, and used it to commit illegal activities without his consent.  (Doc. 60 at 1-2, Response to Show Cause Order).

3. For the reasons set forth below, Plaintiff's response is unconvincing, and the Court finds that he has failed to show just cause for his blatant deception regarding his true identity.  It is therefore recommended that this action be DISMISSED with prejudice and that the dismissal be deemed to qualify as a "strike" for purposes of 28 U.S.C. § 1915(g).

## DISCUSSION

1. Plaintiff's real name is Anthony Wilson.  He filed the present action on December 11, 2006, under the assumed name "Anthony B. Williams."  (Doc. 1, Complaint).

2. At the time that he filed his Complaint in this action, Plaintiff was incarcerated in federal prison in Coleman, Florida, under the assumed name "Anthony Williams" for

violating 18 U.S.C. § 922(g)(1) "felon in possession of a firearm."[1]  (Doc. 1 at 1; Case No. 03-CR-00220, S.D. Ala.).

3. In addition to the assumed name "Anthony B. Williams," Plaintiff now admits to using multiple false names, including: Anthony Williams, Anthony Bruzellas Williams, Anthony Manard Wilson, Anthony L*e*mone Wilson, Anthony L*a*mone Wilson, Miami, Anthony B. Wilson-Williams, and Anthony B. Williams-Wilson. (Doc. 58; Doc. 61, Response to Court Interrogatories).  The Court also has discovered another variation of Plaintiff's most frequently used assumed name, Anthon*e*y Bruzellas Williams.  Plaintiff has used most of these names in various federal and state court filings.

4. In his response to the Court's show cause Order, Plaintiff admits to filing eight civil actions in federal court in Florida under the false name "Anthony Bruzellas Williams."  (Doc. 61 at 2).  Plaintiff also disclosed in his Complaint three additional civil actions that he had filed in federal court in Florida under the false name "Anthony Bruzellas Williams."  (Doc. 5 at 3-4, Complaint).

5. In addition to the eleven cases which Plaintiff admits that he filed under the false name, "Anthony Bruzellas Williams," the Court found two more.[2]

6. Plaintiff also admits in response to the show cause Order that he filed an action

---

[1] Plaintiff was arrested, indicted, and entered into a plea agreement on the § 922(g)(1) violation using the name "Anthony Williams a/k/a Anthony Lamone Wilson." (Case No. 03-CR-00220, S.D. Ala.; Doc. 61).  Plaintiff was convicted in that proceeding using the name "Anthony Williams a/k/a Anthony Wilson."  (Case No. 03-CR-00220, S.D. Ala.).

[2] The two additional civil actions filed in federal court under the false name "Anthony Bruzellas Williams" are: 07-CV-00208 (S.D. Ala.); and 07-CV-00126 (M.D. Fla.).

in federal court in Florida in 2007, 07-CV-00079 (M.D. Fla.).  (Doc. 61 at 2).  Plaintiff failed to disclose, however, that he filed that action under a modified spelling of his most popular false name, this one being "Anthon*e*y Bruzellas Williams."  (Id.).  In addition, the Court found two other civil actions filed in federal court in Alabama under the false name "Anthon*e*y Bruzellas Williams."[3]

7. Plaintiff also admits to filing one civil action in state court in Alabama under the false name "Anthony B. Williams-Wilson."  (Doc. 61 at 3).  He further admits to filing two civil actions in Alabama (one in state court and one in federal court) under the false name "Anthony B. Wilson-Williams."  (Id.).

8. As discussed above, Plaintiff argues that it was necessary for him to file the instant lawsuit in this Court under the false name "Anthony B. Williams" in order to ensure the proper handling of his mail at the various institutions in which he has been incarcerated; because he "somewhat" feared retaliation by Defendants at the Metro Jail for filing this lawsuit; and because Mobile Metro Jail officials advised him to continue using the false name under which he had been convicted in federal court.  (Doc. 60).  Plaintiff's arguments are nonsensical.

9. Problems with mail handling in prison are easily remedied by reference to an inmate's prison identification number, and do not require an inmate lying to the Court about his identity.  In addition, Plaintiff was not incarcerated at the Mobile Metro Jail at

---

[3] The two civil actions filed in federal court in Alabama under the false name "Anthon*e*y Bruzellas Williams" are: 07-CV-00030 (S.D. Ala.) and 05-CV-00053 (S.D. Ala).

the time that he filed this lawsuit and, thus, could not have feared retaliation by jail officials for filing the action. Using a false name on one's legal mail would not, in any event, prevent retaliation by jail or prison officials since an inmate would be forced to identify himself in order to take receipt of the mail. Finally, the fact that Plaintiff was incarcerated under a false name at the time that he filed this lawsuit is a consequence of his own fraudulent conduct and "does not justify continuance of the charade in federal court." Dotson v. Bravo, 321 F.3d 663, 668 (7th Cir. 2003) (dismissing Plaintiff's § 1983 action where Plaintiff deliberately filed his complaint under a false name). None of Plaintiff's alleged explanations for concealing his identity from the Court is credible or, if believed, acceptable.

10. "If, as the Bible says, '[a]n honest answer is like a kiss on the lips, . . . a pleading founded on a lie is like a kick in the gut.'" Zocaras v. Castro, 465 F.3d 479, 481 (11th Cir. 2006) (citing Proverbs 24:26 (N.I.V.)).

11. In Zocaras, the Eleventh Circuit dismissed an inmate's § 1983 action with prejudice as a sanction for using a false name, stating:

> Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules. Fed. R. Civ. P. 41(b). But that discretion is not unlimited, and the "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice is not proper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd., 432 F.3d at 1339. Mere negligence or confusion is not sufficient to justify a finding of

> delay or willful misconduct.  McKelvey v. AT & T Techs.,
> Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).  In addition to its
> power under Rule 41(b), a court also has the inherent ability
> to dismiss a claim in light of its authority to enforce its orders
> and provide for the efficient disposition of litigation.  See
> Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S. Ct. 1386,
> 1389, 8 L. Ed. 2d 734 (1962).

Zocaras, 465 F.3d at 483.

12. The record in this case shows that Plaintiff routinely lies about his identity in lawsuits filed in the state and federal courts, choosing a name from his variegated collection and attaching it to a complaint as one would a postage stamp to a letter.  (Doc. 60; Doc. 61).

13. Plaintiff's system is clever and effective.  By using multiple assumed names or modifying his real name with an extra vowel, consonant, or hyphen, he effectively shields his litigation history from detection via computer name-based searches, thereby precluding the detection of § 1915(g) strikes or other bars to his litigation.  The Court is certain that this has not been lost on Plaintiff.

14. Contrary to Plaintiff's belief, "[a] trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name." Zocaras, 465 F.3d at 484.

> We sometimes speak of litigation as a search for the truth, but
> the parties ought not have to search for each other's true
> identity.  Rule 10(a) requires that the name of the parties be
> disclosed in the complaint; Rule 11 forbids lying in pleadings,
> motions, and other papers filed with the court; and Rule 41(b)
> provides for dismissal with prejudice as the ultimate sanction
> for violation of the rules.  Fed. R. Civ. Pro. 10(a); Fed. R. Civ.

Pro. 11; Fed. R. Civ. Pro. 41(b).

Zocaras, 465 F.3d at 484.

15. Based on a clear record, the Court finds Plaintiff's misconduct in this action to be persistent, willful, defiant, and contemptuous.

16. The Court has considered sanctions less than dismissal with prejudice and rejects them as inadequate.

17. The unraveling of Plaintiff's identity and litigation history[4] has needlessly required the expenditure of valuable judicial resources.

18. Moreover, Plaintiff is an indigent state inmate. The imposition of monetary or other punitive sanctions against him would be wholly ineffectual. See Baker v. Crawford, 2009 WL 101939, *1 (M.D. Ala. 2009).

19. The Court finds, as the Zocaras court found, that:

---

[4] With respect to Plaintiff's litigation history, he attested in his Complaint filed on December 11, 2006, that he had previously filed only three civil actions. (Doc. 5 at 3-4). As discussed above, the Court has found at least one other civil action that had been filed at that time, 05-CV-0053 (S.D. Ala.), which Plaintiff filed under the false name "Anthoney Bruzellas Williams." Moreover, as discussed above, the Court has found three additional civil actions filed since the filing of the Complaint in this action, two under the false name "Anthony Bruzellas Williams," 07-CV-00208 (S.D. Ala.), 07-CV-00126 (M.D. Fla.), and one under the false name "Anthoney Bruzellas Williams," 07-CV0030 (S.D. Ala.), which Plaintiff failed to disclose in his response to the Court's show cause Order. (Doc. 61).

Even if Plaintiff had not lied to the Court about his identity, lying to the Court about the existence of prior lawsuits is a sufficient basis for dismissing a civil action. See Dunson v. Georgia Dep't of Corr. Health Care Servs., 2009 WL 136060, *2 (S.D. Ga. 2009) (plaintiff's complaint was due to be dismissed as a sanction for failing to answer truthfully the question on his civil complaint form which inquired about his prior lawsuits); Brown v. Thomas, 2008 WL 5170394, *1-2 (S.D. Ga. 2008) (the plaintiff's failure to disclose prior lawsuits filed under "assumed names" warranted dismissal of the action as a sanction).

7

> Nothing short of putting the plaintiff out of court will properly punish his serious and protracted violation of the rules and adequately deter future violations by other parties. As the Seventh Circuit explained in a similar case, "[f]iling a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action." Dotson v. Bravo, 321 F.3d 663, 668 (7th Cir. 2003). It is conduct that "so violates the judicial process that imposition of a harsh penalty is appropriate not only to reprimand the offender, but also to deter future parties from trampling upon the integrity of the court." Id.; see also Goforth, 766 F.2d at 1535 ("[W]here any other sanction would fail to cure the harm ... dismissal can be appropriate."). Permitting the plaintiff to pursue his claim would take the punch out of the punishment for pummeling the probity of the judicial system.

Zocaras, 465 F.3d at 484.  See also Dunson, 2009 WL 136060 at *2 ("[T]here is a price to be paid for those who endeavor to mislead a court . . . . This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a 'strike' pursuant to § 1915(g)"); accord Brown, 2008 WL 5170394 at *1-2.

20. Deceit concerning one's identity before a court of law is not only incongruous, it is dangerous.[5] Whatever Plaintiff seeks to achieve by shuffling his identity among the

---

[5] Not only has Plaintiff filed a multitude of lawsuits under false names, he has been arrested, indicted, and convicted under multiple names.  In 2003, Plaintiff was indicted under the name "Anthony Williams a/k/a Anthony Lamone Wilson" and convicted as "Anthony Williams a/k/a Anthony Wilson."  See 03-CR-00220 (S.D. Ala.).  However, the Alabama Department of Corrections' website reveals that Plaintiff is currently incarcerated in state prison under the name "Anthony Manard Wilson."  See http://www.doc.state.al.us/inmsearch.asp.  The problems associated with deceit and confusion about a defendant's identity are certainly more grave in a criminal case than in a civil action.  Nonetheless, when a plaintiff deceives the Court about his identity in any action, he threatens the integrity of the judicial system in a way that cannot be tolerated.

8

state and federal civil and criminal courts, he has miscalculated this time. When a plaintiff files a lawsuit for damages in this Court, the Court will be the first to know who he is, or he will suffer the consequences.

## IV.  CONCLUSION

Based on the foregoing, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no lesser sanction will suffice, and that the dismissal be deemed to qualify as a "strike" for purposes of 28 U.S.C. § 1915(g). Further, the Clerk is instructed to correct the civil docket to reflect Plaintiff's real name, "Anthony Wilson," and his alias, "a/k/a Anthony B. Williams." All pending motions are due to be denied as moot. (Docs. 51, 47, 48, 55, 59).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 19th day of February, 2009.

    s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.